195 N.J. Super. 559 (1984)
480 A.2d 963
STATE OF NEW JERSEY, PLAINTIFF,
v.
WILLIAM H. NIEMEYER, DEFENDANT.
Superior Court of New Jersey Law Division (Criminal), Union County.
Decided June 1, 1984.
*560 David Corrigan, Assistant Prosecutor, for the State.
James S. LaCorte, attorney, for defendant.

OPINION
MENZA, J.S.C.
This is a motion in limine brought by the State to declare certain evidence admissible at trial. The indictment charges the defendant with two counts of Aggravated Assault. Count one of the indictment charges defendant with second degree aggravated assault in violation of N.J.S.A. 2C:12-1(b)(1). This statute provides in pertinent part:
A person is guilty of aggravated assault if he:
1) ... causes [serious bodily] injury ... recklessly....
Count two charges aggravated assault in the fourth degree, and is also grounded in the recklessness of the defendant.
These charges arise out of an incident that occurred on December 12, 1983, at which time the defendant's automobile collided head on with the automobile of the victim, Mrs. Anne Cooke, causing her serious injury. It is alleged that on the date in question the defendant had consumed a great deal of alcohol[1] *561 and that the accident occurred as a result of his driving while under the influence.
The State wishes to introduce into evidence the defendant's prior driving record showing his past convictions of driving while under the influence. The certified driver's abstract of the defendant discloses the following:

 9/27/72 - driving under the influence and accident
 5/12/76 - " " " " " "
 7/2/79 - " " " " " "
 4/12/80 - " " " " ; leaving the
 scene of an accident; failure to observe
 traffic control device; unlicensed driver
 11/23/80 - driving under the influence
 11/21/82 - " " " "

The State contends that this evidence demonstrates that the defendant had knowledge of his incapacity to operate a motor vehicle. This knowledge, it is contended, is relevant to show that defendant was aware of the substantial risks involved in driving an automobile while under the influence. As authority for its position, the State relies on Evid.R. 55[2] and State v. Soney, 177 N.J. Super. 47 (App.Div. 1980), certif. den. 87 N.J. 313 (1981).
The defendant argues that the probative value of this evidence is substantially outweighed by the risk that its admission will create a substantial danger of undue prejudice. Evid.R. 4. Moreover the defendant contends it is inadmissible because his knowledge is not relevant to any fact in issue, and is therefore not encompassed by Rule 55.
*562 At first glance it appears that evidence of defendant's knowledge would indeed be irrelevant where the element of culpability alleged is recklessness, as in this case. However, closer scrutiny of the definition of recklessness in the criminal code reveals that this is not necessarily so. N.J.S.A. 2C:2-2(b)(3) provides that "a person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct". (emphasis supplied). Implicit in the ordinary and plain meaning of the word "consciously" is the understanding that before the risk may be disregarded one must have knowledge of or otherwise be aware of the risk. Support for this conclusion is found in another provision of the Code. This section deals with the defense of intoxication. It provides that "when recklessness establishes an element of the offense, if the actor, due to self-induced intoxication, is unaware of the risk of which he would have been aware had he been sober, such unawareness is immaterial." N.J.S.A. 2C:2-8(b).
Thus it is clear that the definition of recklessly set forth in N.J.S.A. 2C:2-2(b)(3), and N.J.S.A. 2C:2-8(b), by their terms, indicate that some measure of awareness or knowledge is inherent in the element of recklessness.[3]
However, the question is not whether knowledge is an integral part of an element of the offense. Rather, the question is whether it is necessary to prove it  that is whether the defendant's knowledge is really in issue. See State v. Atkins, 78 N.J. 454, 462 (1979).
*563 The case of State v. Soney, supra, upon which the State relies, is distinguishable. In that case the defendant was charged with causing willful or wanton death by automobile. The defendant Soney was a person subject to "akinetic" attacks or blackouts. He received a driver's license on the condition that he take medication which forestalled the attacks. State v. Soney, supra, 177 N.J. Super. at 54. Over his objection the State introduced evidence of two prior automobile accidents which occurred within the six week period preceeding the date of the offense charged. Id. at 52. The court held the evidence admissible for the purpose of proving knowledge of Soney's incapacity to operate a vehicle. Id. at 60. The State's theory of the case was that the accident was caused by Soney losing control of his vehicle due to an attack brought on by his failure to take medication on the day of the accident. Id. at 52.
First, I believe the nature of Soney's affliction as opposed to driving while drunk or impaired is materially different. Soney's condition was one that was peculiar to him only. In order to prove willful or wanton conduct the State had to show that Soney had knowledge of the effect failure to take the medication would have on his driving ability. Defendant's knowledge of the risks involved was in issue and could in fact be proved by showing the effect that the defendant's failure to take medication had on him in the past. See generally 2 Wigmore, Evidence (3 ed. 1940) §§ 244, 301. As the court pointed out, this evidence was significant to "demonstrate to defendant the risk he posed to himself and anyone else on the road by continuing to drive even though the State could not explicitly prove that he had not been taking his medicine at the time of those incidents." State v. Soney, supra, 177 N.J. Super. at 60; (emphasis supplied).
On the other hand, it is not necessary to show that a person has been convicted of driving while under the influence in order to prove that he had knowledge that he would be incapable of driving a car if he were drunk. I think it is safe to say that it is *564 fairly common knowledge that drinking and driving do not mix. The jury as fact finders, could certainly infer from evidence that defendant had consumed a quantity of alcohol and was intoxicated at the time in question, that he consciously disregarded the risks involved in driving an automobile while drunk or impaired. Simply stated: the defendant's knowledge of the risks resulting from driving under the influence is not in issue. "Everybody knows that!" Since it is not in issue, it is not admissable. Rule 55 provides in part:
[S]uch evidence is admissable to prove some other fact in issue, including motive, intent, plan, knowledge, identity or absence of mistake or accident. [emphasis added.]
See also State v. Peltack, 172 N.J. Super. 287, 293 (1980). (Because of its capacity for prejudice proof of "other crimes" is allowed only to meet an issue relating to an element of an offense which is projected by defendant either before or during trial or is necessarily raised by the evidence.) Under the circumstances, the only purpose for the admission of such evidence would be to demonstrate to the jury the defendant's propensity to commit the crime in question. This of course is not permissable.
Therefore, I find that defendant's prior incidents of driving under the influence, offered to prove his knowledge of his incapacity to operate a motor vehicle, is inadmissible under Rule 55 on the issue of whether he consciously disregarded a substantial and unjustifiable risk that he would injure someone by driving his automobile while intoxicated.
Moreover, the evidence is inadmissible under Rule 4. Even if the evidence had probative value, a balancing of that probative value (slight at best), as against the clear capacity of the evidence to inflame the jury, renders a conclusion that the admission of such evidence would create a substantial danger of undue prejudice to the defendant.
The State's offer of proof is rejected.
NOTES
[1] The State alleges defendant's blood/alcohol level at 0.43%. A reading of 0.10% is sufficient for a violation of N.J.S.A. 39:4-50, our drunk driving statute. It is my understanding that a blood alcohol level of 0.50% should cause death.
[2] Evid.R. 55 provides:

Subject to Rule 47, evidence that a person committed a crime or civil wrong on a specified occasions, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed a crime or civil wrong on another specified occasion but, subject to Rule 48 such evidence is admissible to prove some other fact in issue including motive, intent, plan, knowledge, identity or absence of mistake or accident.
The limitations imposed by Rule 47 and Rule 48 are not pertinent here.
[3] The precise quanta of awareness need not be established here, though it is certainly less than would be required to establish purposeful or knowing conduct. See N.J.S.A. 2C:2-2(b)(1), (2), -2(c)(3).